AO 440 (Rev. 04/08) Civil Summons

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

MICHAEL MARRONE,
         v.                     )
CITY OF NEW YORK, NEW YORK CITY    )
POLICE DEPARTMENT, SHAQUONDA      )    Civil Action No. 08 CV 2267(FB)(VVP)
BIBBINS-BLAKES, OKELIE BENTLEY,     )
MAIRA MANCMI and JEFFREY STEFANSKI,

**SUPPLEMENTAL** Summons in a Civil Action

To: *(Defendant's name and address)*
CITY OF NEW YORK, 100 Church Street, New York, NY 10007
NEW YORK CITY POLICE DEPARTMENT, Corporation Counsel, 100 Church Street, NY, NY 10007
SHAQUONDA BIBBINSBLAKES, 122nd Precinct, 2320 Hylan Boulevard, New Dorp, NY 10306
OKELIE BENTLEY, 122nd Precinct, 2320 Hylan Boulevard, New Dorp, NY 10306
MAIRA MANCINI, 122" Precinct, 2320 Hylan Boulevard, New Dorp, NY 10306
JEFFREY STEFANSKI, 122nd Precinct, 2320 Hylan Boulevard, New Dorp, NY 10306

A lawsuit has been filed against you.

      Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiffs attorney, whose name and address are:

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

 

_____
Name of clerk of court

Date: _____                   _____
                                                                       Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
................................................................ X
MICHAEL MARRONE,                            : Docket No. 08 CV 2267(FB)(VVP)

                     Plaintiff,

  - against -

                                                              : **AMENDED VERIFIED COMPLAINT**
CITY OF NEW YORK, NEW YORK CITY        : (Jury Trial Demanded)
POLICE DEPARTMENT, SHAQUONDA
BIBBINS-BLAKES, OKELIE BENTLEY,
MAIRA MANCINI and JEFFREY STEFANSKI,  :

                    Defendants.                  :
------------------------------------------------------------X

      Plaintiff, MICHAEL MARRONE, as and for his Amended Verified Complaint, by his attorneys, HOCHHEISER HOCHHEISER & INWOOD LLP, respectfully alleges as follows:

## PARTIES, JURISDICTION & VENUE

      1.     Plaintiff, MICHAEL MARRONE, is a resident of Staten Island, New York, within the Eastern District of New York.

      2.     Defendant, CITY OF NEW YORK (hereinafter referred to as "CITY"), was and is a municipal corporation formed under and pursuant to the laws of the State of New York with an office for transaction of business in the Eastern District of New York.

      3.     Defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD')),was and is a division of Defendant, CITY.

      4.     That at all times hereinafter mentioned and prior thereto, each and every NYPD police officer was and is an employee of the Defendant, CITY.

      5.     That at all times hereinafter mentioned and prior thereto, NYPD was and is the responsible policy maker for the Defendant, CITY, with respect to the operation of the NYPD.

      6.     That at all times hereinafter mentioned and prior thereto Defendant Shaquonda

Bibbins-Blakes ("BIBBINS-BLAKES") was and is a police officer and employee of defendant CITY and defendant NYPD, assigned to the 122nd precinct and tax registration number 938064.

7. That at all times hereinafter mentioned and prior thereto Defendant Okelie Bentley ("BENTLEY") was and is a police officer and employee of defendant CITY and defendant NYPD, assigned to the 122nd precinct.

8. That at all times hereinafter mentioned and prior thereto Defendant Jeffrey Stefanski ("STEFANSKI") was and is a police officer and employee of defendant CITY and defendant NYPD, assigned to the 122nd precinct and shield number 10929.

9. That at all times hereinafter mentioned and prior thereto Defendant Maira Mancini ("MANCINI") was and is a sergeant and police officer and employee of defendant CITY and defendant NYPD, assigned to the 122nd precinct.

10. That this action arises under 42 U.S.C. § 1983 and the common law of the State of New York.

11. That jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1343 and by principles of supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.

12. That this action further arises under violation of the Plaintiffs constitutional rights under 14 U.S.C. $1983 including but not limited to the 4th, 5th, 6th, 8th and 14' Amendments to the United States Constitution and Articles 1, 6 and 12 of the New York State Constitution.

13. That jurisdiction is proper in this Court pursuant to 28 U.S.C. $1391 and 42 U.S.C. $1983.

14. That the United States Eastern District Court is the appropriate venue for this case in that the Plaintiff resides in Richmond County (Eastern District of New York); the cause of

action arose in Richmond County (Eastern District of New York) and the Defendants are situated in the Eastern District of New York.

## PROCEDURAL REQUIREMENTS

15. That on June 5, 2008, Plaintiff filed a verified complaint with this Court which was assigned docket # 08 2267.

16. Than on June 9, 2008, Plaintiff served a copy of the verified complaint on the Defendant CITY through its Office of Corporation Counsel, Communications Section.

17. That on November 4, 2008, U.S. Magistrate Judge Pohorelsky held a preliminary conference on this matter and specifically granted plaintiff leave to amend the complaint to add as defendants all of the individual police officers that he wishes to name as defendants, based on the allegations in the complaint, promptly after defendants CITY and NYPD identify the two police officers who had not been identified as of November 4, 2008.

18. By letter dated December 16, 2008, defendants identified the two additional officers.

19. Plaintiff has complied with all the conditions precedent prior to commencement of this action and amendment of this complaint.

## JURY DEMAND

20. Plaintiff demands Trial by jury of all issues raised in this Complaint.

## GENERAL FACTUAL ALLEGATIONS

21. That on September 1, 2007 at approximately 9:00 p.m., in front of the premises located at 2230 South Railroad Avenue, Staten Island, New York 10308, the CITY, the NYPD, and members of the NYPD upon information and belief assigned to the 122nd Police Precinct in the City, acting without warrant and without probable cause, searched Plaintiffs motor vehicle

and placed the Plaintiff under arrest. The CITY, the NYPD, and BIBBINS-BLAKES, BENTLEY, MANCINI AND STEFANSKI, without reasonable or probable cause, handcuffed Plaintiff's hands behind his back and intentionally, willfully, recklessly and negligently ignored Plaintiffs complaints of pain and requests to loosen the handcuffs, causing Plaintiff physical pain and injury and emotional distress.

22. That Defendants, CITY and NYPD, by their agents, servants and/or employees, and BIBBINS-BLAKES, BENTLEY, MANCINI, and STEFANSKI, used excessive force, engaged in illegal search and seizure, invasion of privacy, intentional infliction of emotional distress, false arrest, abuse of process, malicious prosecution, negligence, carelessness and recklessness, defamation, and violation of Plaintiffs constitutional rights pursuant to 42 U.S.C. § 1983, including but not limited to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution; and Article 1 and Sections 6 and 12 of the New York State Constitution.

23. That as a result of the foregoing, Plaintiff was caused to sustain severe and permanent personal injuries, mental anguish and emotional distress, and monetary damages.

## SECOND CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1983

24. Plaintiff repeats, reiterates and realleges each and every allegation of the Complaint in paragraphs "1" through "23" inclusive, with the same force and effect as if set forth herein at length.

25. That as a result of the foregoing, the Defendants violated 42 U.S.C. § 1983.

26. That as a result of the foregoing, Plaintiff was caused to sustain severe and permanent personal injuries and monetary damages.

## THIRD CAUSE OF ACTION:
### VIOLATION OF THE 4TH, 5TH, 6TH, 8TH & 14TH AMENDMENTS
### TO THE UNITED STATES CONSTITUTION

27.  Plaintiff, repeats, reiterates and realleges each and every allegation of the Complaint in paragraphs "1" through "26" inclusive with the same force and effect as if set forth herein at length.

28.  That as a result of the foregoing, the Defendants violated Plaintiffs rights under the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution.

29.  That as a result of the foregoing, Plaintiff was caused to sustain severe and permanent personal injuries and monetary damages.

## FOURTH CAUSE OF ACTION:
### VIOLATION OF ARTICLES 1, 6 & 12 OF
### THE NEW YORK STATE CONSTITUTION

30.  Plaintiff, repeats, reiterates and realleges each and every allegation of the Complaint in paragraphs "1" through "29" inclusive with the same force and effect as if set forth herein at length,

31.  That as a result of the foregoing, the Defendants violated Plaintiff's rights under Articles 1, 6 and 12 of the New York State Constitution.

32.  That as a result of the foregoing, Plaintiff was caused to sustain severe and permanent personal injuries and monetary damages.

CONTINUED ON NEXT PAGE

### FIFTH CAUSE OF ACTION:
### NEGLIGENCE IN TRAINING, SUPERVISING,
### CONTROLLING, DISCIPLINING, TESTING AND SCREENING
### BY THE CITY OF ITS NYPD OFFICIALS

33. Plaintiff, repeats, reiterates and realleges each and every allegation of the Complaint in paragraphs "1" through "32" inclusive with the same force and affect as if set forth herein at length.

34. That the Defendant, CITY, owes a duty to exercise care in training, supervision, controlling disciplining, testing and screening of its employees including members of the NYPD.

35. That the Defendants, CITY and NYPD, were negligent, careless and reckless in the training, supervision, controlling, disciplining, testing and screening of its NYPD police officers.

36. That as a result of the foregoing, Plaintiff was caused to sustain severe and permanent personal injuries and monetary damages.

### SIXTH CAUSE OF ACTION:
### PUNITIVE DAMAGES AGAINST THE
### INDIVIDUAL DEFENDANTS

37. Plaintiff, repeats, reiterates and realleges each and every allegation of the Complaint in paragraphs "1" through "36" inclusive with the same force and affect as if set forth herein at length.

38. That Defendants, BIBBINS-BLAKES, BENTLEY, MANCINI AND STEFANSKI, acted deliberately and maliciously to deprive the Plaintiff of constitutionally protected rights, and as such, Plaintiff is entitled to punitive damages.

39. That as a result of the foregoing, Plaintiff was caused to sustain severe and permanent personal injuries and monetary damages.

6

## **CONCLUSION**

WHEREFORE, Plaintiff, MICHAEL MARRONE, demands judgment against the Defendants as follows:

1. For compensatory damages in the amount of $3,000,000.00;

2. For punitive damages from the individual defendants in **an** amount to be determined by the finder-of-fact;

3. For costs, attorney fees and disbursements pursuant to 42 U.S.C § 1983 and the inherent powers of this Court;

4. For prejudgment interest, as allowed by law;

5. For such other and further relief as this Court may deem just and proper.

Dated: New York, **New** York
December 23, 2008

        Yours etc.,

        HOCHHEISER HOCHHEISER & INWOOD LLP

        By: _____
            Daniel **A.** Hochheiser (DH 9632)
        Attorneys for Plaintiff
        Office and P.O. Address
        270 Madison Avenue, Suite 1203
        New York, New York 10016
        (212) 689-4343

STATE OF NEW YORK     )
                      )  ss.:
COUNTY OF NEW YORK    )

DANIEL A. HOCHHEISER, being duly sworn, deposes and says:

That deponent is the attorney for the plaintiff in the within action; that deponent has read the foregoing AMENDED COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matter therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true; and the reason that this verification is not made by plaintiff and is made by deponent is that plaintiff does not reside in the county where the attorneys for the plaintiff have their office.

Deponent further says that the source of deponent's information and the grounds for deponent's belief as to all matters not stated upon deponent's knowledge is investigations made on behalf of said plaintiff.

Dated: New York, New York
       December 23, 2008

_____
Daniel A. Hochheiser (DH 9632)

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Docket No. 08 CV 2267(FB)(VVP)

---

MICHAEL MARRONE,

Plaintiff,

- against -

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, SHAQUONDA BIBBINS-BLAKES, OKELIE BENTLEY, MAIRA MANCINI and JEFFREY STEFANSKI.

Defendants.

---

**AMENDED VERIFIED COMPLAINT**

---

HOCHHEISER HOCHHEISER & INWOOD LLP
Attorneys for Plaintiff
270 Madison Avenue – Suite 1203
New York, New York 10016
(212) 689-4343

9